437-08/MEU/DJF
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HANSA LINIE CO.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Daniel J. Fitzgerald (DF 6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HANSA LINIE CO.,

              Plaintiff,

   -against-

PALMYRA SHIPPING AND CHARTERING LTD.,

              Defendant.
------------------------------------------------------------x

08 Civ _____ (___)

**VERIFIED COMPLAINT**

    Plaintiff HANSA LINIE CO. (hereinafter "HANSA") for its Verified Complaint against Defendant PALMYRA SHIPPING AND CHARTERING LTD. (hereinafter "PALMYRA") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/310156.1

2. At all times material hereto, Plaintiff HANSA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

3. At all times relevant hereto, Defendant PALMYRA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address c/o Bravo Tankers at Piazza della Vittoria 10/9, 161 21 Genoa, Italy.

4. On or about June 2, 2006, Plaintiff HANSA, as owners of the M/T ICE VICTORY, entered into a maritime contract of charter party with Defendant PALMYRA, as charterers, to carry a minimum of 55,000 metric tons of fuel oil from Tutuniciftlik, Turkey to Los Angeles, California and San Francisco, California.

5. Demurrage was payable by Defendant PALMYRA to Plaintiff HANSA at the rate of US$35,000 per day pro rata for any time the vessel was delayed at load and/or discharge port beyond the agreed laytime of 84 hours.

6. Plaintiff HANSA duly tendered the vessel into the service of Defendant PALMYRA and fully performed its obligations as required under the charter.

7. At the conclusion of the charter, demurrage had been incurred by Defendant and an invoice was issued to Defendant PALMYRA showing a balance in Plaintiff HANSA's favor in the amount of US$116,642.31 for the 79 hours and 59 minutes the vessel had been on demurrage.

8. In breach of the charter, and despite due demand, Defendant PALMYRA has failed and/or otherwise refused to pay demurrage in the amount of $116,642.31 owed to Plaintiff HANSA under the charter which remains due and outstanding.

9. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London. Plaintiff HANSA specifically reserves its right to arbitrate the substantive matters at issue.

10. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for HANSA's claims made or to be made in arbitration in London, England under English law, as agreed by the parties.

11. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

12. Plaintiff HANSA estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $35,000. Interest anticipated to be awarded is estimated to be $43,482.59 (calculated at the rate of 8% per annum compounded quarterly from the time the demurrage payment was due plus an additional two years, the estimated time for completion of the proceedings in London).

13. In all, the claim for which Plaintiff HANSA sues in this action, as near as presently may be estimated, totals **$195,124.90**, no part of which has been paid by Defendant PALMYRA. Plaintiff HANSA specifically reserves its right to amend this figure and to seek an increase in the amount of security should such this sum appear to be insufficient to fully secure HANSA.

### Request for Rule B Relief

14. Upon information and belief, and after investigation, Defendant PALMYRA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff HANSA believes that Defendant has, or

will shortly have, assets within this District comprising of, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant PALMYRA SHIPPING AND CHARTERING LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15. The total amount sought to be attached pursuant to the above is **$195,124.90**.

WHEREFORE, Plaintiff HANSA LINIE CO. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$195,124.90** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant PALMYRA SHIPPING AND CHARTERING LTD., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      August 8, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HANSA LINIE CO.

By: _____
Michael E. Unger (MU 0045)
Daniel J. Fitzgerald (DF 6313)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
MICHAEL E. UNGER

Sworn to before me this
____ day of August 2008.

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010